983 F.2d 298
 299 U.S.App.D.C. 273
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
UNITED STATES of America,
v.
Raymond L. CHEADLE, Appellant.
 No. 92-3117.
 United States Court of Appeals, District of Columbia Circuit.
 Dec. 18, 1992.
 
 Before SILBERMAN, BUCKLEY and KARENLE CRAFT HENDERSON, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. The court has determined that the issues presented occasion no need for a published opinion. See D.C.Cir.Rule 14(c). It is
 
 
 2
 ORDERED AND ADJUDGED that appellant's February 4, 1992 conviction be affirmed for the reasons stated in the accompanying memorandum.
 
 
 3
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 15.
 
 MEMORANDUM
 
 4
 There is no mechanical test for determining whether evidence of a prior offense is too remote to be admissible, and admissibility depends on whether the prior act is probative with respect to the accused's intent. See, e.g., United States v. Gomez, 927 F.2d 1530, 1533-34 (11th Cir.1991); United States v. Arnold, 773 F.2d 823, 833 (7th Cir.1985); United States v. Scott, 701 F.2d 1340, 1345-46 (11th Cir.), cert. denied, 464 U.S. 856 (1983). Evidence is relevant under FED.R.EVID. 404(b) if it is introduced for the purposes that the rule endorses, such as to show intent or lack of mistake, and not for the purpose of showing character, which the rule proscribes. See United States v. Rogers, 918 F.2d 207, 210 (D.C.Cir.1990). Evidence of another crime that tends to undermine a defendant's innocent explanation for his act will be admitted. Id. (quoting J. Weinstein & M. Berger, Weinstein's Evidence p 404, at 404-84 to 404-87 (1990)). In the instant case, the appellant's earlier offense of carrying a pistol without a license in D.C. does tend to undermine his assertion that he mistakenly entered D.C. with three unlicensed guns in the trunk of his car. Thus, the evidence was relevant under the standard of Rule 404(b).
 
 
 5
 However, relevant evidence may still be excluded under FED.R.EVID. 403 if its probative value is substantially outweighed by the danger of unfair prejudice. See United States v. Day, 591 F.2d 861, 878 (D.C.Cir.1978). The trial court must evaluate the risk of unfair prejudice and balance it with the value of the evidence as proof. See United States v. Manner, 887 F.2d 317, 322 (D.C.Cir.1989), cert. denied, 493 U.S. 1062 (1990). This court then reviews the trial court's Rule 403 determination for "grave abuse." See id.; United States v. Payne, 805 F.2d 1062, 1066 (D.C.Cir.1986). In the instant case, the district court did not gravely abuse its discretion in admitting this evidence, especially in light of the fact that the "language of this rule tilts, as do the rules as a whole, toward the admission of evidence in close cases." United States v. Moore, 732 F.2d 983, 989 (D.C.Cir.1984).